UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cycrus Kenyan Tucker, | ) C/A No. 8:10-1316-HMH -BHH |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Report and Recommendation |
| **James Metts**, in charge of Lexington County Detention | ) (partial summary dismissal) |
| Center; | ) |
| **Lexington County**, and | ) |
| **Trinity Food Service**, food providers at LCDC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

_____

This is a civil action filed *pro se* by a local detention center inmate.[1] Plaintiff alleges that

he was served spoiled food, allegedly provided by Defendant Trinity Food Service, at the

Lexington County Detention Center and that he became ill with food poisoning in early April

2010. Plaintiff complains that he was made physically ill, was not properly treated by medical

staff, and that he has never been so sick before. He seeks compensatory damages and

injunctive relief. Along with the food-service provider, Trinity, he also names as Defendants:

"James Metts, in charge of Lexington County Detention Center" and "Lexington County."

Under established local procedure in this judicial district, a careful review has been

made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted

pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation

Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S.

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

 *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to partial summary dismissal as to Defendant Lexington County under the provisions of 28 U.S.C. § 1915(e)(2)(B).

 Plaintiff's allegations do not specifically reference Defendant Lexington County nor do they specifically claim that Lexington County is responsible for the allegedly spoiled food or resulting food poisoning. However, insofar as Plaintiff's Complaint could be liberally construed to allege that Lexington County is liable for Plaintiff's alleged unconstitutional treatment in the Lexington County Detention Center, the Complaint fails to state a claim for which this Court can provide relief and is subject to summary dismissal. A county or municipality cannot be held liable solely because it employs a tortfeasor -- or, in other words, a county or municipality cannot be held liable under 42 U.S.C. § 1983 on a *respondeat superior* theory. This means

that a county or municipality may not be sued under § 1983 for an injury inflicted solely by its employees or agents, such as those employed at the detention center in charge of food service. Instead, it is only when execution of a county's or municipality's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the local government, as an entity, is responsible under 42 U.S.C. § 1983. *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 694-95 (1978). Plaintiff's Complaint allegations do not claim, and are insufficient to be liberally construed as claiming, that Lexington County, as a matter of policy or custom, caused the alleged constitutional violation of his rights as a detainee or prisoner in its detention center. Nor does Plaintiff's Complaint allege that Lexington County was deliberately indifferent in failing to take action to prevent the alleged constitutional violation suffered by Plaintiff in its detention center. Consequently, Plaintiff's claims against Lexington County for the alleged violation of Plaintiff's civil rights in its detention center should be summarily dismissed for failure to state a claim upon which this Court may grant relief.

## Recommendation

Accordingly, it is recommended that the District Court partially dismiss the Complaint in this case *without prejudice* and without issuance and service of process as to Defendant Lexington County only.[2] *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*,

---

[2] "Trinity Food Service" appears to be the name of a corporation that provides the food to the detention center. Since corporations are considered "persons" under § 1983, *Keweenaw Bay Indian Comm. V. Rising*, 569 F. 3d 589, 596 (6th Cir. 2009); *Smith v. Cochran*, 339 F. 3d 1205, 1215-16 (10th Cir. 2003), and since James Metts is also a person who can act under color of state law and who has ultimate control over operations and conditions at the detention center, the Complaint allegations may be liberally construed as stating constitutional violation claim against both of these Defendants and the Complaint should be served on both of them.

712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.


s/Bruce Howe Hendricks
United States Magistrate Judge

June 15, 2010
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).